UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON EDWARD SWANIGAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Salinas Valley State Prison,<br><br>Respondent. | NO. CV 18-1854-RGK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On March 6, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction and sentence in Los Angeles County Superior Court. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's several prior federal habeas corpus actions in this district:

*Swanigan v. Pliler*, CV 01-2485 RSWL (SGL) ("*Swanigan I*")[1]; *Swanigan v. Pliler*, CV 02-2355 RSWL (SGL) ("*Swanigan II*");[2] *Swanigan v. Pliler*, CV 02-6784 ABC (SGL) ("*Swanigan III*"), *Swanigan v. Small*, CV 08-4954-RSWL (AGR) ("*Swanigan IV*"), and *Swanigan v. Biter*, CV 14-7055-RGK (AGR) ("*Swanigan V*").

On August 29, 2002, in *Swanigan III*, Petitioner filed a petition for writ of habeas corpus by a person in state custody. *Id.*, Dkt. No. 1. Petitioner challenged his 1998 conviction for two counts of robbery with enhancements. (*Id.*, Dkt. No. 10 at 1.)

On November 20, 2002, the Court entered Judgment denying the petition in *Swanigan III* and dismissing the action with prejudice as barred by the one-year statute of limitations. *Id.*, Dkt. Nos. 10-11. On December 19, 2002, Petitioner filed a Notice of Appeal. *Id.*, Dkt. No. 12. On July 30, 2003, the Ninth Circuit denied Petitioner's request for a certificate of appealability. *Id.*, Dkt. No. 21.

On August 6, 2008, in *Swanigan IV*, the Court summarily dismissed the petition for lack of subject matter jurisdiction because it was a second or successive petition. (*Id.*, Dkt. No. 3.) Petitioner did not appeal.

On September 18, 2014, in *Swanigan V*, the Court again summarily dismissed the petition for lack of subject matter jurisdiction because it was a second or successive petition. (*Id.*, Dkt. No. 3.) On November 4, 2014, the Court denied Petitioner's motion for reconsideration. (*Id.,* Dkt. No. 7.) Petitioner did not appeal.

The Court takes judicial notice of Ninth Circuit public records indicating that, on August 18, 2016 in case number 16-71167, the Court of Appeals denied

---

[1] On April 6, 2001, the Court dismissed *Swanigan I* without prejudice pursuant to Swanigan's motion for voluntary dismissal so he could exhaust his grounds for relief.

[2] On May 31, 2002, the Court dismissed *Swanigan II* without prejudice.

2

Petitioner's application for authorization to file a second or successive habeas corpus petition.

The Petition for Writ of Habeas Corpus filed on March 6, 2018 in this Court contains enumerates the following claims and arguments: (1) Petitioner is "actually innocent" of the "Third Strike" sentence imposed in 1998; (2) in "prior writ proceedings, the [state] court ignored a subject matter jurisdiction" in violation of Petitioner's federal due process rights; (3) the trial court failed to follow state procedural law in imposing Petitioner's "Third Strike" sentence; (4) Petitioner received ineffective assistance of counsel at the portion of his trial devoted to the existence of his prior "strikes"; and (5) Petitioner has exhausted his claims in the state courts. (Petition at 5-6.)

In a Memorandum of Law filed with the Petition, Petitioner contends that his actual innocence exempts him from the one-year statute of limitations under 28 U.S.C. § 2244(b)(2)(B)(ii). (Dkt. No. 4 at 2, 7-8.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the

court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a successive petition that challenges the same custody imposed by the same judgment of the state court as in *Swanigan III*. (Petition at 2.) As noted above, Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file the Petition. This Court must, therefore, dismiss the Petition as a second or successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 153-56.

Petitioner's reference to his actual innocence does not alter the analysis. *See Williams v. Thaler*, 602 F.3d 291, 304-05 (5th Cir. 2010) (because petitioner failed to obtain Court of Appeals' authorization for leave to file successive petition, "district court did not have jurisdiction to consider [petitioner]'s claim of actual innocence").

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: March 12, 2018

*Gary Klausner*

R. GARY KLAUSNER
United States District Judge